## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **RICHARD GORDON,** | § | |
| | § | |
| **Plaintiff,** | § | **No. 3:13-CV-0178-P** |
| | § | |
| **v.** | § | |
| | § | |
| **GREENVILLE INDEPENDENT** | § | |
| **SCHOOL DISTRICT, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

## <u>MEMORANDUM ORDER</u>

Plaintiff, who is proceeding *pro se*, has filed a Motion to Compel Discovery from Defendant Greenville Independent School District ("GISD") in this discrimination, retaliation, and hostile work environment case brought under the Age Discrimination in Employment Act and the Texas Commission on Human Rights Act. At issue are six categories of discovery requests, which seek:

1.  Photos of teachers taken by school aides without the teachers' permission or knowledge;

2.  Copies of all teacher grievances filed between 2008 and 2012, by school, grade, subject, decisions, and final disposition;

3.  Copies of all legal releases signed by teachers between 2005 and 2012 in which the teacher promised not to sue the district;

4.  Termination documents for certified teachers with at least 10 years total teaching experience and at least 3 years tenure in the district;

5.  Circumstances of (a) all teachers put on administrative leave between 2008 and 2012 and (b) all teachers placed on administrative leave at Crockett Elementary School; and

> 6.      Data on all Spanish teacher positions posted as available
> between 2008 and 2012.[1]

GISD objects that Plaintiff's discovery requests are overly broad, vague, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Jt. Stat. Rep. (Doc. 39) at 5-6. GISD further asserts that some of the documents Plaintiff seeks have already been produced and that Plaintiff's continued insistence on production constitutes harassment. The parties have briefed their respective positions in a Joint Status Report, and the motion is now ripe for determination.

Federal Rule of Civil Procedure 26(b) allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" FED. R. CIV. P. 26(b)(1). The information and materials sought need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* A party resisting discovery must show specifically how each request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005).

The first category of disputed discovery requests concerns "negative" photographs of teachers taken without the teachers' knowledge or permission since 2008. Jt. Stat. Rep. at 6. GISD contends that it has already produced the photos it has of Plaintiff and further objects that the request for unauthorized negative photos of other teachers is vague and confusing, overly broad, unduly burdensome, and irrelevant. According to GISD, responding to Plaintiff's request would require it to identify every photograph taken in the district over the course of six school years, identify whether

---

[1] Pursuant to the Court's Order (Doc. 34), Plaintiff and defense counsel met in person to discuss Plaintiff's motion to compel. Jt. Stat. Rep. (Doc. 39) at 1. As a result of that meeting, the parties were able to resolve several disputed issues. *Id.* at 1-2. The Court now considers only those discovery requests that the parties were unable to resolve. *Id.* at 2-3.

a teacher is present in the photo, determine whether the photo is unauthorized, and further determine whether the photo portrays the teacher in a negative light. GISD further contends that Plaintiff's request is irrelevant to the claims at issue in this lawsuit because taking photographs of an individual is not an adverse employment action. In response, Plaintiff merely insists that he "needs" all negative photos of other teachers. The Court agrees that Plaintiff's request for negative photos of other teachers constitutes a "fishing expedition" unlikely to uncover relevant evidence and that requiring GISD to answer Plaintiff's request would create an undue burden. Accordingly, Plaintiff's request for copies of negative photographs of other teachers taken without their knowledge or permission is denied.

The next several categories of disputed discovery requests pertain to information and documents contained in other district employees' personnel files, including copies of *all* teacher grievances, *all* teacher administrative leave placements, *all* teacher termination documents, and *all* legal releases signed by teachers. Jt. Stat. Rep. at 7-10. GISD objects that these requests are overly broad and seek irrelevant material that is not reasonably calculated to lead to the discovery of admissible evidence because the requests are not narrowly tailored to comparator employees. GISD further contends that the requests are unduly burdensome because the information responsive to Plaintiff's requests is kept in individual employee personnel files, of which the district has more than 350 such files, including some that are in storage and would have to be retrieved from an offsite location. Plaintiff responds that he needs this information to show he has been "treated differently." *Id.* at 4. In a case involving claims for disparate treatment, the plaintiff is entitled to discovery of comparator data only for "similarly situated" employees. *Cooper v. City of Dallas*, No. 3:04-CV-2407-H, 2006 WL 1983234, at *2 (N.D. Tex. July 17, 2006). A "similarly situated" employee is one

3

who was treated differently under "nearly identical" circumstances. *Id.* (citing *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995)). Among other things, employees with different supervisors are not "nearly identical." *Id.*; *see also Lawrence v. United Airlines, Inc.*, No. 3:01-CV-0809-H, 2002 WL 1489536, at *3 (N.D. Tex. July 10, 2002) (citing cases). Plaintiff does not limit his requests to "similarly situated" employees. Instead, he seeks information and documents for *all* teachers, whether or not they worked at the same school, held a similar position, had the same supervisors, or performed similar job functions, during the time period Plaintiff was employed in the district. The one request that is limited to other teachers at Crockett Elementary School is not limited in time. The failure to properly limit these requests renders them overly broad. *See, e. g., Hook v. Sullins & Associates, L.P.*, No. 3:08-CV-2036-N, 2010 WL 26465, *1 (N.D. Tex. Jan. 4, 2010) (plaintiff is entitled to discovery of comparator data only for "similarly situated" employees); *Cooper*, 2006 WL 1983234, at *2 (same). Accordingly, Plaintiff's requests for information and documents from other teachers' personnel files is denied.

Plaintiff's final request seeks copies of monthly and weekly personnel reports listing vacant Spanish teacher positions for the years 2008 through 2012. GISD responds that no such reports exist. Jt. Stat. Rep. at 10. According to GISD, job postings are made online at the Region 10 Education Center and are removed when the position is filled. *Id.* The Human Resources Director keeps a current list of vacant positions, but does not keep any historical reports. *Id.* Although Plaintiff is not satisfied with this response, he fails to point to anything that suggests such reports actually exist. The Court cannot compel GISD to produce documents that do not exist. Plaintiff's request is therefore denied.

4

**CONCLUSION**

Plaintiff's  Motion to Compel (Doc. 32) is DENIED.

SO ORDERED, November 20,  2014.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE